# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Morale Patch Armory LLC, <br> an Iowa limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> Does 1-281, As Identified in Exhibit 2, <br><br> Defendants. | Case No.: 20-cv-4776 <br><br> Judge: <br><br> Magistrate: |

## COMPLAINT

Plaintiff Morale Patch Armory LLC hereby files this Complaint for, *inter alia*, trademark infringement, and related claims against Defendants, on personal knowledge as to Plaintiffs' own activities and on information and belief as to the activities of others:

### THE PARTIES

1. Morale Patch Armory LLC is an Iowa Limited Liability Company that maintains its principal place of business at 21697 Kings Row, Dubuque, Iowa 52001. Plaintiff operates a webstore at https://www.moralepatcharmory.com/ and sells merchandise straight to consumers within the geographic jurisdiction of this Court as shown in Exhibit 1 as well as directly to consumers throughout the United States.

2. Defendants identified on Exhibit 2 are all believed to be individuals and unincorporated business associations who, upon information and belief, reside across the nation and world. The true names, identities and addresses of Defendants are currently unknown.

3. Defendants conduct their illegal operations through a fully-interactive commercial websites called eBay and Wish which hosts the Defendants' various e-commerce site listings ("Infringing Websites" or "Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold, and continues to sell, infringing products ("Infringing Products") that violate Plaintiff's intellectual property rights, as embodied in the accrued goodwill and trademark statutory rights included in U.S. Registration No. 5,136,105, to consumers within the United States, including the State of Illinois and Northern District of Illinois. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

4. Through their operation of the Infringing Webstores, Defendants are directly and personally contributing to, inducing and engaging in the sale of Infringing Products as alleged, often times as partners, co-conspirators and/or suppliers.

5. Defendants all infringe Plaintiff's registered trademark rights

## JURISDICTION AND VENUE

6. This is an action for trademark infringement, and unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark In Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of Illinois.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction, pursuant to the

principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiffs' claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

8. This Court has personal jurisdiction over Defendants in that they transact business in the State of Illinois and in the Northern District of Illinois.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the State of Illinois.

## BACKGROUND FACTS

10. Plaintiff is engaged in the business of distributing and retailing the MORALE PATCH family of accessory decorations, including within the Northern District of Illinois District (collectively, the "Plaintiff Products") under the Federally registered trademark identified in Paragraph 11, below. Defendants' sales of Infringing Products are in violation of Plaintiff's intellectual property rights and are irreparably damaging Plaintiff.

11. Plaintiff is the owner of all rights, title and interest in and to, *inter alia*, the MORALE PATCH Mark, U.S. Reg. No. 5,136,105 (the "Mark"). The registration is valid, subsisting, unrevoked, and uncancelled. The registration for the Mark constitutes *prima facie* evidence of validity and of Plaintiff's exclusive right to use the Mark pursuant to 15 U.S.C. § 1057(b). A genuine and authentic copy of the U.S. federal trademark registration certificate for the MORALE PATCH Mark is attached to this Complaint as Exhibit 3.

12. Plaintiff's brand, symbolized by the MORALE PATCH Mark, is a recognized symbol of quality, authentic and well-designed decorative accessories, particularly cloth and rubber-backed

patches. As detailed below, Plaintiff has been using the MORALE PATCH Mark for many years in connection with the advertising and sale of Plaintiff's Products in interstate commerce, including commerce in the State of Illinois and the Northern District of Illinois. See Exhibit 1.

13. The MORALE PATCH Mark has been widely promoted, both in the United States and throughout the world. Consumers, potential consumers and other members of the public and the clothing and accessory industries not only associate Plaintiff's Products with exceptional materials, style and workmanship, but also recognize the Plaintiff's Products sold in the United States originate exclusively with Plaintiff.

14. As of the date of this filing, Plaintiff's Products are sold exclusively through their website.

15. Plaintiff maintains quality control standards for all MORALE PATCH products. Genuine MORALE PATCH products are sold directly to consumers, as noted on Plaintiff's primary website located at www.moralepatcharmory.com ("Website"). *See* Exhibit 1.

16. The MORALE PATCH Mark is a highly visible and distinctive worldwide symbol of excellence in quality and uniquely associated with Plaintiff and, as a result, Plaintiff Products bearing the MORALE PATCH Mark have generated many hundreds of thousands of dollars in revenue over the years.

17. The MORALE PATCH Mark has never been assigned or licensed to any of the Defendants in this matter.

18. The MORALE PATCH Mark is a symbol of Plaintiff's quality, reputation and goodwill and has never been abandoned.

19. Further, Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the goods marked with the MORALE PATCH Mark.

20. Upon information and belief, at all times relevant hereto, Defendants in this action have

had full knowledge of Plaintiff's ownership of the MORALE PATCH Mark, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

21. Recently, and for a while in the past, Plaintiff has identified the MORALE PATCH Mark on the Infringing Webstores and felt the impact of Infringing products designed to resemble authorized retail Internet stores selling genuine MORALE PATCH Products that Defendants had reproduced, displayed and distributed without authorization or license from Plaintiff in violation of the MORALE PATCH Mark.

22. Defendants' use of the MORALE PATCH Mark on or in connection with the advertising, Marketing, distribution, offering for sale and sale of the Infringing Products is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Plaintiff.

23. Defendants have manufactured, imported, distributed, offered for sale and sold Infringing Products using the MORALE PATCH Mark and continue to do so.

24. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the MORALE PATCH Mark in connection with the advertisement, offer for sale and sale of the Infringing Products, through, *inter alia*, the Internet. The Infringing Products are not genuine MORALE PATCH Products. The Plaintiff did not manufacture, inspect or package the Infringing Products and did not approve the Infringing Products for sale or distribution. Each Infringing Webstore offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

25. Defendants falsely advertise the sale of MORALE PATCH Products through the Infringing webstores. Defendants' Infringing Webstore listings appear to unknowing consumers to be legitimate web stores and listings, authorized to sell genuine MORALE PATCH Products.

26. Defendants also deceive unknowing consumers by using the MORALE PATCH Mark without authorization within the content, text, and/or meta tags of the listings on Infringing Webstores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for MORALE PATCH Products and in consumer product searches within the Webstores.

27. Defendants go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores. Upon information and belief, Defendants regularly create new Webstores on various platforms using the identities listed in Exhibit 2 of the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their illegal infringing operations, and to prevent the Infringing Webstores from being disabled.

28. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Infringing Goods that infringe upon the MORALE PATCH Mark unless preliminarily and permanently enjoined.

29. Plaintiff has no adequate remedy at law.

**COUNT ONE**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §1114)**

30. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

31. The Plaintiff's Mark and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value. Plaintiff's Mark, MORALE PATCH, is highly distinctive and has become universally associated in the public mind with Plaintiffs'

Products. Consumers associate the Plaintiff's Mark with the Plaintiff as the source of the very highest quality products.

32. Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's Mark and the fact that Defendants' Infringing Products are sold using Plaintiff's Mark or one which is identical or confusingly similar to the Plaintiff's Mark, the Defendants have manufactured, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff products, in or affecting interstate commerce.

33. Defendants' use of the Plaintiff's Mark in conjunction with Defendant's Infringing Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products being sold by Defendants originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill and sales.

34. The Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT TWO**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. §1125(a))**

35. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

36. The Infringing Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

37. By misappropriating and using the Plaintiff's Mark, Defendants misrepresent and falsely describe

to the general public the origin and source of the Infringing Products and create a likelihood of confusion by consumers as to the source of such merchandise.

38. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by the Plaintiff, all to Defendants' profit and to the Plaintiff's great damage and injury.

39. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiff's Mark in connection with advertising and selling their goods in interstate commerce, constitutes a false designation of origin and unfair competition.

40. The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT THREE
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES (815 ILCS 510)

41. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

42. The Infringing Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

43. By misappropriating and using the Plaintiff's Mark, Defendants misrepresent and falsely describe to the general public the origin and source of the Infringing Products and create a likelihood of confusion by consumers as to the source of such merchandise.

44. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Infringing Products creates express and implied misrepresentations that the

Infringing Products were created, authorized or approved by the Plaintiff, all to the Defendants' profit and to the Plaintiff's great damage and injury.

45. Defendants' aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 *et seq.*, in that Defendants' use of the Plaintiff's Mark, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

46. Plaintiffs have no adequate remedy at law and, if the Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against Defendants in favor of the Plaintiff on all counts as follows:

1. That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

(i) using the Plaintiff's Mark or any reproduction, infringing, copy or colorable imitation of the Plaintiff's Mark in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

(ii) passing off, inducing or enabling others to sell or pass off any Infringing Products as genuine products made and/or sold by the Plaintiff; and

(iii) committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

(iv) further infringing the Plaintiff's Mark and damaging Plaintiff's goodwill;

(v) competing unfairly with Plaintiff in any manner;

(vi) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the MORALE PATCH Mark or any reproductions, infringing copies, or colorable imitations thereof;

(vii) using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Infringing Products;

(viii) operating and/or hosting websites at the Infringing Webstores and any other domain names registered or operated by Defendants that are involved with the distribution, Marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Mark or any reproduction, infringing copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Mark; and,

(ix) registering any additional domain names that use or incorporate any of the Plaintiff's Mark; and

    2. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

  (ii) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and protected by the Plaintiff's Copyright or any reproductions, infringing copies, or colorable imitations thereof.

    (iii) possessing any product bearing the Plaintiff's Mark or any reproduction, infringing

copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Mark. As part of compliance with this provision, we ask that Defendants or those who possess Defendants' infringing goods, segregate and destroy infringing goods; and,

    3. That Defendants, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court.

    4. Entry of an order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of Infringing Products using the Plaintiff's Mark;

    5. That Defendants account for and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the MORALE PATCH Mark be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117;

    6. In the alternative, that Plaintiff be awarded statutory damages of One Hundred Thousand Dollars (U.S.) and No Cents ($100,000.00) for each and every use of the Plaintiff's Mark infringed by each Defendant

    7. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

    8. Grant Plaintiff such other and further legal relief as may be just and proper

Respectfully Submitted,

Dated: August 14, 2020

By:     /s/   Rishi Nair

Rishi Nair
ARDC # 6305871
Kevin J. Keener
ARDC # 6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 375-1573
rishi.nair@keenerlegal.com
kevin.keener@keenerlegal.com
